

## raiser&kenniff
### ATTORNEYS AT LAW

Partners
Steven M. Raiser
Thomas A. Kenniff
Bruce R. Connolly
Ethan D. Irwin
Anthony V. Falcone

Associates
E. Gordon Haesloop
Nipun Marwaha

300 Old Country Road, Suite 351
Mineola, New York 11501
Tel. 516-742-7600 • Fax 516-742-7618

Of Counsel
Edward Fregosi
John J. Rivas
Amy Sklar
Patricia A. Craig
Anthony J. Colleluori

March 13, 2019

**VIA ECF**

Hon. Carol Bagley Amon
U.S. District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *USA v. Brettschneider, et al.*
            *18 CR 123 (CBA)(RER)*

Dear Honorable Amon:

In response to the letter from the United States Attorney's Office dated March 12, 2019, the court should take note of the following:

1. Detective Richard Santangelo, who supervised the recording of the wiretap, was not asked when any minimizations actually occurred *in this case*. In fact, he gave no details as to the actual recordings, or the minimizations that occurred at all. In other words, he has no personal knowledge as to when the deletions within the recordings occurred. He testified,

> "I wasn't the only detective assigned. I was the one in charge, if you will. There were a couple of other detectives assisting. So, kind of breaking it down, people that had to listen to the actual call, you had to sit there in front of a computer monitor. When his phone rang, going out or coming in, the computer turned on and you started listening. Somebody had to monitor it, from 6 or 7 in the morning to 9:00 at night."
> *See* Grand Jury Testimony of Detective Richard Santangelo at P. 39 Lines 18-25.

2. Furthermore, Detective Cathy Jackson, also having no direct knowledge of *this* wiretap, testified, that *generally* manipulation of recordings *cannot* occur (without any foundation for such "belief"). See Grand Jury Testimony of Detective Cathy Jackson at P. 18

Manhattan Office
87 Walker Street
New York, New York 10013
212-274-0090

www.raiserandkenniff.com

Suffolk Office
80 Orville Drive, Suite 100
Bohemia, New York 11716
631-338-5711

Lines 2-13. However, the Eavesdropping Warrant Order itself allows for minimization *after* a recording of a conversation, if the conversation occurs in a foreign language or in a code unknown to the agent, which means that *post recording* minimizations generally *can* occur. *See* Eavesdropping Warrant Order at P.6 ¶ 10.

Based the U.S. Attorney's failure to provide an affidavit of an agent/detective with personal knowledge of this wiretap, Defendant maintains his position and respectfully requests this Court to impose sanctions, based on spoliation against the United States Attorney's Office.

Respectfully submitted,

Steven M. Raiser, Esq.

Cc: AUSA Lindsay Gerdes (via ECF)
AUSA Andrey Spektor (via ECF)