UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

JOHN SCARPA, JR.,
          Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CR-123 (CBA)

**AMON, United States District Judge:**

On February 1, 2024, the Probation Department of the Eastern District of North Carolina filed a memorandum seeking my approval for early termination of defendant John Scarpa ("Scarpa" or "Defendant")'s term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (ECF Docket Entry ("D.E.") # 325.) For the reasons that follow, the request is DENIED.

## BACKGROUND

On May 23, 2019, Scarpa was convicted of using and conspiring to use interstate facilities to commit bribery. (See D.E. # 220.) The jury found that Scarpa, along with co-defendant Charles Gallman, bribed a witness—Luis Cherry—during the 2014-2015 murder trial of People v. Reginald Ross. (D.E. # 327 ("Govt. Opp'n") 2.) Scarpa also tried to intimidate a state's witness, Melvin Anderson, and attempted to generate false impeachment evidence. (Id. 3.) On September 23, 2019, I sentenced Scarpa principally to 30 months' imprisonment on the bribery count and 30 months' imprisonment on the conspiracy count, to run concurrently, to be followed by a three-year term of supervised release. (D.E. # 268.)

Scarpa has since made two sentence-reduction motions, both of which I denied, finding each time that the section 3553(a) factors counseled against granting Scarpa's requested relief. (D.E. ## 300, 320.)

1

## DISCUSSION

Section 3583(e)(1) provides that a court may, after considering the 18 U.S.C. § 3553(a) factors, terminate a term of supervised release previously ordered if the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." It is Scarpa's burden to show that such early termination is appropriate. Early termination may be warranted to "account for new or unforeseen circumstances," including "exceptionally good behavior." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Indeed, even "full compliance with the terms of supervised release" does not ordinarily warrant early termination; this is simply "what is expected of a person under the magnifying glass of supervised release." United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

In support of the request, the Probation Department notes that Scarpa (1) "has been compliant with the conditions of his supervision" throughout the more than two years since his term started; (2) is considered a low risk for reoffending under the Post-Conviction Risk Assessment; (3) has maintained steady employment; and (4) has paid his special assessment fee and $10,000 fine in full. (D.E. # 325 at 2-3.) The Department notes that it believes that early termination of supervision is "in the interest of justice." (Id. 3.) But as the government rightfully points out, I have "concluded on three separate occasions"—at Scarpa's sentencing and in the context of his two subsequent motions seeking a sentence reduction—that the sentence I imposed appropriately accounted for the serious nature of Scarpa's offense and was necessary to adequately promote respect for the law and provide just punishment. (Govt. Opp'n 6-7.) As noted above, Scarpa's compliance with the terms of his supervised release does not constitute "exceptional behavior" that warrants early termination, though it may be commendable. Absent any additional

2

changed circumstances, I decline to terminate Scarpa's supervised release early solely on that basis. The request for early termination of supervised release, therefore, is DENIED.

## CONCLUSION

For these reasons, the request for early termination of supervised release is DENIED.

SO ORDERED.

Dated: April 30, 2024
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge